et al. Mr. McCallion for the appellant, Mr. Anderson for the appellate. Good morning, counsel. Good morning, your honors. Mr. McCallion, you can start when you are ready. Thank you. May it please the court. Appellant believes that the district court's dismissal of Plaintiff's Second Amendment complaint should be reversed in that the complaint, as supplemented by Plaintiff's declaration and the declaration of Ronald Dunnett, establishes jurisdiction over the three corporate defendants under the federal long-arm statute. The long-arm statute permits a district court to acquire jurisdiction over a foreign defendant which has insufficient contacts with any single state but has contacts with the United States as a whole. Here, the Dorchester group had substantial contacts with the United States through hotels located here, particularly in California, which the Second Amendment complaint alleges were used by all three corporate defendants for clandestine meetings with the Brunei government officials and other individual defendants in furtherance of their efforts to provide financing to terrorist organizations and prevent Plaintiff from disclosing information about these illegal activities to law enforcement authorities. Your complaint alleges that it was representatives of the corporate defendants that attended this meeting, alleged meeting at the Beverly Hills Hotel. What do you mean by representatives? Well, at this point, we're not specifically aware of the identities of them. However, it was corporate, we believe, we allege that it's corporate-level representatives of the three defendants, Dorchester. What's the basis for that allegation? I understand it's on information and belief, but what's the basis for that allegation? Well, the plaintiff appellant, in coordination with a UK investigator and former intelligence official, Mr. Ronald Danette, conducted an investigation. Initially, it was at the request and paid for by the Brunei government. And after they obtained certain information relating to these illegal activities, the Brunei government and officials shut them down, basically, and attempted to suppress this particular information. Mr. Danette, in particular, and he provided this to the plaintiff appellant, provided him with specific dates where meetings took place at the Beverly Hills Hotel. But nothing in the declaration says anything about corporate defendant representatives being there. I'm trying to understand, following up on Judge Pillard's question, what has led you to believe that it is decision-making level, corporate-level representatives, people who could be acting for the corporation that attended these meetings? Well, Mr. Danette did not specifically, was not able to specifically identify representatives of those meetings. He only provided a partial list, was able to obtain a partial list of those. So you are asking, what is the basis for your information and belief that it was high-enough level representatives of these corporate defendants that attended those meetings? And it can't be the Danette declaration, because that doesn't say anything about corporate defendants attending the meetings. So, again, to follow up on Judge Pillard's question, so what is the basis for your belief that there are people at these meetings who could bind and speak for these corporate defendants? Basically, from the plaintiff appellant himself, who was tasked initially by the Brunei government. Well, how would he know who attended this meeting? I'm talking specifically about this meeting at the Beverly Hills Hotel, which seems to be sort of your only U.S. nexus for at least all three corporate defendants, potentially. Correct. Well, he had access to and interviewed representatives of the Brunei government, the individual defendants, and in the course of that investigation, obtained initial information relating to the participation of corporate defendants. He was not able to identify, nor was it disclosed, the specific identities of those corporate defendants. How do you know they were representatives of the corporation? That's what the complaint alleges. That we're trying to pin down here. If he doesn't know the actual identities, what information did your client receive that they were representatives of the corporate defendants, and what did you mean by representatives? Well, the information that was provided to the appellant plaintiff was that these three companies, particularly Dorchester and the others, used their corporate accounts for money laundering purposes. I'm talking about the meeting at the hotel. No, exactly. He draws the inference, I think reasonably, that if the hotels were participating in money laundering activities, that the representatives or people from the corporate organization must have had sufficient authority in order to authorize the use of the bank accounts of these three companies in order to facilitate the money laundering activities. That's the best information that we have. How do we know that's the same people that attended the meeting at the Beverly Hills Hotel? We don't, other than the reasonable inference that if the corporate accounts were being used for money laundering activities and safe rooms or hotel rooms were being used for meetings to facilitate these activities, we believe that it's a reasonable inference subject to further investigation, but certainly a reasonable inference that the provision by these companies of corporate rooms and facilities, their financial facilities, that the attendees at the meeting, since the subject matter was the discussion of money laundering and terrorist financing, must have involved representatives of these corporations as well. Mr. McCallion, does it matter? Is it critical for your assertion that personal jurisdiction in the United States is consistent with due process to place Dorchester representatives in a meeting, or is it enough that Dorchester owns the property and the property hosted the meeting? Really, the latter. To the extent that the corporation knew that its facilities were being used for purposes of meetings relating to terrorist financing and money laundering, it would not be, in our view, absolutely necessary that employees or representatives of these corporations actually attend the meeting if, in fact, they were aware that there were meetings going on involving – So it's your position that they have to know that that's not a merits question, but that's a personal jurisdiction question, that in order for the hotel facilities to be related to the claim, the corporate defendants, Dorchester in particular, would have to know that its facilities were being used, not just by these defendants, but for illegal purposes. I mean, I recognize that for liability that might be important, but for personal jurisdiction? No, it would be a lesser standard for the personal jurisdiction to have liability under, certainly, a civil RICO statute. It would have to be intent and knowledgeable participation. But for the initial jurisdictional purposes, the fact that their facilities were being used for illegal activities would place a sufficient nexus in the United States if these meetings took place at their particular facilities. Why is that? The underlying claims all involve knowledge and intentional conduct, where they decided to defame him and sick Interpol on him, and the hotels participated in a scheme to conduct the affairs of the enterprise through a pattern of racketeering. I mean, the claim requires active knowledge and involvement and participation by the hotels. It's not a strict liability sort of claim, like a money laundering principle applied to hotels. You have to know your customers, and if you let bad customers rent a room, you're liable. So, I don't see how this contact, the renting of rooms, relates to the claim unless there's some facts, well-plaid facts, supporting an inference of knowledge and involvement. Your Honor, I would tend to agree with you that in this particular context, since the appellant plaintiff has alleged an intentional tort and conspiracy, active conspiracy under the RICO statute, that there would have to be some participation, not necessarily attendance at meetings, but the fact that their financial facilities were utilized. Not knowledge or a willingness to assist, right? One thing you did not plead is civil aiding and abetting, and we have a lot of cases on that. We have this Halberstam case that everyone cites, and you wouldn't even come close if you just alleged the hotel rents the room to someone who has a meeting at which they say bad things. Yes, Your Honor. That's why we pleaded, based on reasonable investigation by Mr. Danette and the plaintiff, that these corporate defendants actively conspired and facilitated the conspiracy by permitting their, not just the renting of rooms, but that they permitted the use of their financial facilities to further the money laundering and terrorist financing activities. Yes, Your Honor. One more question? Is there any of the, the information sought in the proposed discovery is somewhat wide-ranging. If the court allowed a narrowing of that discovery request, what would be the critical piece or pieces of information that the plaintiff would be seeking? It would be the rental records for the dates, specific dates and time periods identified in the declaration of Ronald Danette. That doesn't make any sense to me, because if people are having a meeting at a hotel, they aren't all necessarily staying there, especially if some of them are corporate representatives of Dorchester. You would need to know, I mean, all you need is one person to rent a conference room, I think. So that was just unclear to me why, why that would, I mean, why wouldn't you just have a, either a 30B6 deposition or interrogatory about who was at the meeting, whether there was any information about that. Yes, if we were allowed to posit specific interrogatories, we know some of the attendees. But if, if we asked Dorchester for specific information relating to either meetings or rentals involving these particular individuals on these particular days, we believe, strongly believe that given the fact that with a great deal of particularity, specifically as to these dates given by Ronald Danette, that we would obtain sufficient information to further the case. Let me ask you one question to kind of pin down the answer that you gave, I think a somewhat, at least in my mind, a somewhat still unclear answer to a number of different questions that the three of us asked. So just as background, Dorchester purchased and operates a hotel in the United States, in California, and is a member of the corporate defense community. And so I think that generally that would seem to be enough to purposely avail itself of the forum. The real question in your case is, do those forum contacts have the requisite relationship to the claim, claims in this case, and in particular, the claims against the corporate defendants? And I take you to be saying that you acknowledge that the hotel can successfully defend against an assertion of personal jurisdiction if the hotel had no idea that these RICO-related activities were going on in its conference room. Is that right? Yes, we'd have to concede, as we've alleged, that we would be able to establish after discovery that Dorchester not only did not blindly or just rent out rooms, but that it permitted its corporate facilities as well as its bank accounts to be used actively, both here in the U.S. as well as in the U.K. and elsewhere, but for purposes of jurisdiction here in the U.S., for money laundering and terrorist financing, given its close ties with the Brunei government and the individual defendants. Oh, I'm sorry. It's really the individual defendants were using the Dorchester facilities, both the banking facilities as well as their hotel space, for the illegal activities. And Dorchester, as a corporate defendant and with close ties to the individual defendants in Brunei, were participating actively in those money laundering efforts. It sounds like you're also acknowledging, so if you acknowledge that plaintiff needs to plead that the hotel had some awareness of the planning, you're also acknowledging that you would need jurisdictional discovery to establish that when those meeting rooms were used by some of the defendants, the defendants that have yet to be served and that aren't at issue here, that in order to establish Dorchester's knowledge, you yet need some jurisdictional discovery. We believe that would certainly intensify and firmly establish jurisdiction. We think that Ronald and that's a declaration already identifying specific dates of meetings and participants would be sufficient for us to, for the court to permit us to go to the next step, which would be more specific jurisdictional discovery. What allegations do you have in this complaint that shows that these corporate defendants, that they themselves were tortiously interfering with your business? You keep talking about them being involved in money laundering and supporting terrorist activities, but of course that money laundering didn't injure your client, nor did the terrorist activities. Your client's injury is from the damage to reputation and business. I didn't see allegations that the corporate defendants themselves were tortiously interfering with business. Did I miss that? We allege generally that the defendants tortiously interfered, but we did not specifically delineate how the corporate defendants as opposed to the defendants. Facts about how the corporate defendants, because just alleging a legal conclusion, defendant acts tortiously interfered with my business is not sufficient. You have to have some facts to go with it, and so I was trying to understand where the facts were that connected the corporate defendants here to the alleged interference with business or reputational harm to your clients. You can't just allege a legal conclusion. So what facts tie them to harming your clients? Well, at this stage of discovery, we don't know which specific defendants notified Interpol and dealt with. Did corporate defendants have access to Interpol? I thought that was a government operation. A private company can call up Interpol? Yes. In my experience, and I was kind of a liaison with Interpol for a period of time, a corporate defendant with the assistance of a Department of Justice could file a claim or make a complaint to Interpol. That makes it a government request. Is your argument that the corporate defendants by themselves contacted Interpol or that they went through Brunei? But I don't know why the corporate defendants would have any interest in destroying your clients. It seemed to be the government of Brunei that he had all the information on. No, his information was that these corporate defendants facilitated and participated with Brunei officials and other individual defendants. And yes, the corporate defendants would have to formally request Interpol's intervention through a government, in this case, Brunei. However, it was in these corporate defendants' strong interest to suppress any disclosure by the plaintiff of the information that he had gathered, including information about their participation in a money laundering scheme. And they did successfully suppress information being disseminated further from Interpol and indeed closed down the plaintiff through the notices, which impaired his ability to travel across borders and tarnished his reputation so that international law enforcement and national law enforcement would not take his allegations seriously after that. All right. Thank you very much, counsel. We'll give you a couple minutes for rebuttal. Thank you. If you can mute your microphone, please. Good morning. May it please the court. Reeves Anderson for the corporate defendants, Audley Dorchester and Seven Properties. Judge Chutkin properly dismissed this case for lack of personal jurisdiction because nothing in the second minute complaint establishes that the claims against the corporate defendants, who are all foreign entities, that the claims against them arise out of or relate to any activity that they purposely directed at the United States. How was it properly dismissed when the judge said that in a 12b2 motion, in assessing a person's jurisdiction challenge, the court does not treat plaintiff's allegations as true? That's just a straight up error of law. That was an error of law, but that's not actually the application that the court took in this case. This is a facial challenge under 12b2. A facial challenge? I don't understand what that is. The complaint, we have to take the facts as true, and it seemed as though the district court was not doing that in deciding that there wasn't, certainly at least in the minimum, that there wasn't a basis for personal jurisdiction. So I believe the district court did actually accept all the allegations, went through paragraphs 29, 30, 31, 37, and said those facts, as alleged, do not establish jurisdiction under the test of this court and under the Fifth Amendment. Just the application of the personal jurisdiction analysis. So let's assume paragraph 37 were true, right? There are two ways you can challenge under 12b2. One is to contest the facts by putting in declarations from the defendant saying we do not have these contacts. Which was not done. Which was not done. So this was a challenge based on the allegations in the complaint, whether if accepted as true, they would establish personal jurisdiction. And they do not. So where is she taking this to? She wants some knowing participation by the foreign defendants. Here the complaint alleges knowing and also by using representatives of corporate defendants. She says he does not allege any safe houses located in the United States. There are allegations of safe rooms in these hotels in California. Cites no facts that the Dorchester group knew about this alleged activity, much less participated in them. She's not taking it as true that there were representatives at this meeting. So I think she, in fact, did not present them. But you've got some place in here where you think she was taking them as true in her analysis. Please point me to it. Let me take this one at a time. So tell me where you say she was taking them as true in the opinion. In the 4K2, we can just focus on 4K2. Let's focus on 4K2. I don't know if there's a statement saying I accept them as true. That's a problem. The district court walked through each of the allegations and made an assessment about whether they were true. Okay, I look at a 4K2 and everything I see at every corner here, she's just saying he doesn't even allege these things. But he does allege. And doesn't cite facts. She's alleging that they did, in fact, participate in the meeting. And she says he doesn't have facts that they participated in the meeting. Well, you've got to take through his allegations that they participated in the meeting by having a representative there. Let me take each of those in turn. First is the statement that there were no safe houses in the United States. Safe houses are different from safe rooms, as they're alleged. There are no allegations that there are safe houses. If she's crediting that there's safe rooms in these hotels, why is that here and there? Just accepting that the statement wasn't a contesting of the allegations. Safe houses are different than safe rooms. Let's accept, and she does, that there were safe rooms located in LA. She discusses paragraph 37. I can, there's walking through each of the allegations. And I think this does turn on paragraph 37, which was added in the second amendment complaint. And there are six words in paragraph 37 that I think guide our jurisdictional analysis here, which is, and representatives of the corporate defendants. That's it in the first sentence of paragraph 37. If that is sufficient to establish minimum contacts under the due process clause of the Fifth Amendment, any complaint could survive a motion to dismiss for lack of personal jurisdiction by saying, the defendants met in the United States and discussed the subject matter of this case. Well, that's just hurtling right over the traditional, unquestionably adequate contact with the United States, which is the ownership property in the forum. I mean, this is not an exotic assertion of personal jurisdiction, insofar as people, sophisticated businesses that build real estate, that has a lasting place within a forum, are clearly subjected to personal jurisdiction in the forum. The only question is whether those forum contacts relate to the claim. Not whether the claim arises out of them, necessarily. Not whether they satisfy all of the elements of the claim. But do those contacts relate to the claim? And here the allegation is, well, they relate because they provided a safe, secure location for a series of meetings about highly illegal action, the RICO Predicate Act. So let's clear up a brush a little bit, which is that two of the three appellees here, oddly in seven properties, were not mentioned in the first 24 minutes of this argument. So the only defendant that it relates to is Dorchester. Just to clarify that, we've been talking about corporate defendants selectively, and everyone knows that's all free. So I don't know that we need to list them by name every time we've referenced corporate defendants. So we've been talking about corporate defendants as well. I understand, with respect to the ownership of property. There's no allegations in the complaint that oddly or seven properties owns any property in the United States. In fact, that's this claim. It's a different point about what's happened in the prior 20 minutes. Correct. But I'm just saying, to Judge Pillard's point about the ownership alone. So the question is whether it arises from or relates to, and as the court's personal jurisdiction cases show, you have to have some purposeful availment. Well, they purposely availed themselves of the forum by purposely building a hotel that is unquestionably unknown to them in California, where they purposely chose to locate their property. So the availment in that sense. And then the relatedness question is separate. And I guess, you know, the argument is that, oh, it matters. I gather your argument is it matters for purposes of relatedness, whether the Dorchester knew about the nature of the activities and how they would relate to the claim, the nature of the activities that it was hosting. But I guess my question for you is, why is that not a merits defense? It has to do with the nature of what has to be proved to prove the claim. The reason it's not a merits defense exclusively is because the question that the court is tasked with now is whether there is purposeful availment sufficient for constitutional standards of fairness. Otherwise, everyone who owns the property. They've got lawyers there. They've got bank accounts there, presumably. You know, there are all kinds of complicated things that a luxury hotel owner might be subject to lawsuits or, you know, negotiation over potential lawsuits in a forum. And in terms of that fairness inquiry, you know, covered. Let's say, for example, that Congress passes a law that hotels are strictly liable for international acts of terrorism that are planned in their U.S. properties and creates a private right of action. Obviously not fact, but let's say just for purposes of separating merits and personal jurisdiction. And the plaintiff is injured by an act of terrorism, sues that hotel in the forum where the hotel is located. If you disagree, it's my understanding that the hotel could not defend against the assertion of personal jurisdiction because the hotel was unaware of the planning that went on there. So that question about the limits of congressional power by imposed by the Fifth Amendment is actually pending before the Supreme Court right now in the full case. And so we may get some guidance on whether there are limits where Congress enacts a very tailored federal cause of action and the cause of action relates to that and what jurisdictional test is required. But for purposes of this, if that were true, of course, this is a case involving sovereign due process. The United States is not taking a position on whether the Palestinian Authority is about. Foreign sovereign immunity isn't applying to corporate, it's actually not about foreign sovereign immunity. The PLO and PA are exempted because they're not considered sovereigns as recognized by the executive. So it's a question purely of Fifth Amendment scope and personal jurisdiction by Congress. So it's not as complicated in that respect. But to the question about the hotel. I mean, it also is sort of beside the point because the statute there just says personal jurisdiction is hereby established. But anyway, it leaves bare the constitutional. It's a consent case. My question was intended to, and maybe inartfully did so, but really intended to focus on what's a merits question and what's a personal jurisdiction question. And clearly there are some states of mind that need to be established for liability over Dorchester. But the question whether Dorchester can be sued for claims that relate to the use of its facilities in the United States. I guess my question to you is really focusing on that question. What is your argument that there is no sufficient relationship and what is your best case to support that? Sure. So I believe it's all the banking cases. So the fact that banks operate in a jurisdiction and that their accounts may be used without their knowledge to perpetrate some crime does not suffice to establish personal jurisdiction. The same would be true. Has that ever been extended to hotels? I don't know if it's hotels, but let's use Applebee's as an example. I'm trying to understand whether I understand that.  Has that ever been extended to hotels, which are the banks' wire transfers, money that's sort of figuratively going across wires. We're talking here about a physical presence in the U.S. state. Two, at least two physical presence, two hotels, ongoing business operations, daily business in that state. And so if an allegation is about physical, use of physical facilities by people physically present for meetings, is your best case really, is your best case is the banking? You have to treat that physical presence, which is normally the key to personal jurisdiction, like money flowing over wires? It's not just money flowing over wires. It's use of bank accounts that are physically present in New York and D.C. and California. But hotels are not that different because they are passively existing. People come in and out of them. They may do things that are illegal. It would almost create strict liability. This would not apply to every business. How would this apply to yours? So you want to say for every business? That's the knowing piece. Businesses can go in and out of the office building. People can sit in the lobby and talk to each other. And that's essentially the test that the plaintiff is asking for. It seems to me an extraordinary proposition that there's no personal jurisdiction over physically present businesses doing business. And when people are physically present in that facility and engaged in criminal activity, that's not enough for personal jurisdiction. And your best case is banks. It seems like some business somewhere would have made this argument before now. What's your best case? You have a case at the vote. What bank case, by the way? What bank case is your strongest bank case? OCC actually walks through this. It's a district court case, but canvassing all of the other bank cases that require knowledge. In other jurisdictions. In other jurisdictions. There's nothing binding on us about the banking situation. The cases in this context, particularly in 4K2, overwhelmingly relate to terrorist activity abroad. WANI, LiveNet. If you had a non-4K2, if you had a traditional state forum, that would, by analogy, presumably apply. So I think if we disaggregate the two forms of jurisdiction, right? General jurisdiction is you've established business in this jurisdiction. Are you at home? Not at all. Correct. So it's only specific jurisdiction, which asks whether the activities that you purposely directed arise from or relate to. And it's the purposeful, like opening a hotel chain does not, or maintaining a hotel in California, does not necessarily give rise to or relate to the claims. What the activity at issue here is the participation in that meeting, right? And if there was no participation by the hotel, simply that they just existed. If something happened in the lobby. There's sort of two things. There's participation, which would be the most indicting, if proven to be true. We're just at allegation stage here. But even if they didn't participate, if they knowingly. This has to happen all the time in criminality. You knowingly rent out your room for criminal activity, even if you're not there in the room. Right. So what are the factual allegations that it was knowingly done? And when you ask that question. You get back to the question. Your argument would be. No jurisdiction, just a hotel. They just ran out room. It's just like a bank. Right. That's right.  For specific jurisdiction. Knowledge. If there was knowledge, it could be different. And so we need actual factual allegations that establish that not that knowingly participating in this is the activity. That's the conduct that relates to the claims. Not simply existing as a physical space where people could come in. And so we have to look at the complaint and determine whether there is any factual allegations supporting the knowing participation. Because that's the conduct that is tied here. And that is limited to six words in paragraph 37, which says and representatives of corporate defendants. Right. That's it. We're at the meeting. I don't assume that's not good enough. So we don't know who those people were. We don't know. Even for jurisdictional discovery. And none of the requests for jurisdictional discovery would get us there. I think so. If you narrow down the bottom half of the paragraphs on there. I think it does ask who was at the meeting. It would ask who was at the meeting. It can identify or not. Whoever the discovery goes. Who was at the meeting? Answer your knowledge question that you say is so important. So I'll quote Judge Ginsburg here in the Caribbean Broadcasting System case. Where it is not an abuse of discretion for the district court to deny jurisdictional discovery. Where new questions of facts that could have been discovered were raised for the first time on appeal. Which is what we heard today. But it's not raised for the first time on appeal. It's in the jurisdictional discovery request. So if we look at pages 92 and 93 where they actually make the request. It does not say that they want to know what was discussed at those meetings. It simply says registration records. I didn't say what was discussed. I said who's there. And who is there? The fact that someone attended a meeting would not itself give rise to a claim. Right? This is the piece. This is the important. You have to reconnect them. I should think sufficiently for personal jurisdiction. You want them to prove their case to get personal jurisdiction. That's what it seems to be. They have to have who was there and what they talked about. They have to prove that. He's already alleging what they talked about. He's alleging what the meeting was about. But that's not sufficient for you. I thought your concern was we don't know who these representatives were. It could have been the desk clerk. Right? That wouldn't bind the corporation. The topics are already here. The other problem that's necessary is that there's a good faith basis to believe that they can discover those facts. And so there are two admissions below that I think are critical to this. Hang on. I just want to clear up where we are. You keep looking at me like you're amused by these questions. Okay. You wanted to know what the content of the meeting was, but that's already alleged in the complaint. All right. And I understand that's why we're asking questions about representatives. And so if the discovery, I mean, it could be other things, but minimum targeted identify who was at, if anybody was at, these meetings from the corporate defendants. And if they identified people at a high enough level to be actually acting for each of these corporate defendants. So you would have identities, representatives of the defendants, who were acting on behalf of the corporation itself and had the authority to do so. Were at the meeting in the U.S., maybe these other meetings. What more do you possibly need for personal jurisdiction? Whether the district court abused her discretion turns out whether there was a good faith basis to seek that information. And a number of questions. They asked this very question that you said needed to be answered. You're the one who said it needs to be answered. A 118 to 120. The plaintiff disclaimed that he had any knowledge, whether any representatives from certain corporate defendants even attended when asked directly here at oral argument today, you asked, what is the basis for that? And we heard nothing but speculation. No, it's in the request for jurisdictional discovery. And maybe it was a reply brief, but it's 118 to 120. And the district court can consider whether there's a good faith basis to believe it. The one factual point today that was raised was the Dunant Declaration, which does not identify a single representative of any corporate defendant by name, title, role, or otherwise. The bank is squarely in the forum. You mentioned that I've been distracted these past few minutes. I did not recall a case that had a U.S. bank that was being used for money laundering, that over which personal jurisdiction was held to be lacking. And you pointed us to OPCN looking at it here. There's no U.S. bank in OPCN. It's all Shamal and headquartered, I think, possibly Switzerland. And I just don't see, you know, and then there's a question of whether purposeful direction toward the United States suffices. But that's where there's no conventional sort of bricks and mortar or other business presence in the United States. So it's a very different personal jurisdiction inquiry. If you have any situation where there's a bank in the United States, somebody using a bank branch, somebody clearly, because what I think of is Argentina versus Weltover, which is an FSIA case and talks about the connection with the United States. And it's in the context of direct effect, but in FSIA, the personal jurisdiction is sort of rolled in. And there the use of a New York bank was considered to be sufficient. And I don't think there was any knowledge requirement there. So the FSIA is a bit sui generis when it comes to personal jurisdiction and sovereigns aren't persons. So they are not subject to a minimum contact. But there is a kind of, you know, fairness inquiry baked in. There's a nexus question. I agree. And so we'd be happy to provide supplemental briefing if the court would want it on those particular questions. But it seems to harken back to an era of doing business is enough, right? The pre-Daimler, pre-Goodyear days, where if you had a hotel in California, and that had some connection, then that was sufficient for personal jurisdiction. That world is no longer with us, right? The question of if you have established a business and do enough there, there are specific long arm statutes that might reach that. But this 4K2 asks about the minimum contacts that are purposefully available. And so we have to ask, what is the conduct that arises from or relates to those claims? And owning a hotel is not it. If this were, I was overcharged for my stay, then that would be a sufficient nexus. But the argument here is that it was a global international conspiracy to defame and speak to Interpol, right? That's not owning a hotel. And so you have to have some knowledge of participation to connect that. And that's what is lacking from paragraph 37. After many attempts at amendment, after opportunities here today to establish what the good faith basis would be to articulate that. And what this amounts to is a plaintiff coming in and saying, as long as I can allege the defendants met in the United States have information and belief. I'm again distracted by you talking about Daimler changing the landscape, but Daimler is about generals. Right. And we're not trying to establish general jurisdiction here. There's a relationship requirement. And the relationship alleged is this is a conspiracy. Conspiracies are affected principally through communication, planning. These people went and used meeting rooms in a business owned by the very government that's alleged to have sponsored this whole thing and be at the heart of it. This owned hotel, voila, becomes the venue. No relationship there. I mean, you could almost say if this were the only meeting that the claim arises out of, not just relates to. And I think it drills down into what is the activity for personal jurisdiction purposes? Is it owning a hotel? No. Is it sponsoring meetings of people getting together and planning two sides of one coin? One Rico conspiracy to fund terrorism, the other a conspiracy to silence the person who's going to tell the world about it. I mean, however likely or not that these claims would be proved, we have to apply personal jurisdiction principles here as anywhere else. And so what are the facts alleged in the complaint to that activity? And that boils down to paragraph 37, which is there were meetings that were held at least one meeting in Bel air in some. And I think that in that declaration, And there are a number of defendants who have not even attempted to have been served in this case who may be. They're not an issue here.  And so the question is simply the corporate representatives and the corporate defendants here. And I would posit that if paragraph 37 is sufficient, then it really is no different. It's not about whether they own a hotel, but whether they participate in that meeting. That's the activity that must have the nexus that arises from a relate to the claim. And that boils down to six parts in paragraph 37. And it's no different because the descendant that we're talking about is the owner of the house. One of the three. Right. I mean, but let's just be clear that the strongest case is Rochester, which is why we're pushing you on it. Yeah. And so they are the owner, but there's no owner liability representative was in the meeting. We don't even have to go. Even if judge pillars theory were to be correct. But we don't have to go that far in this case because there's the additional allocation that representatives of those corporate dependents were at the meeting. So again, there are some representatives of corporate defendants. We don't know which ones we don't know if it was Dorchester. Right. Did I misunderstand you? Did you say that he said there were no corporate defendants present or something? What did you say was on J a one 18, one 19. So the plaintiff has no information as to whether seven properties and oddly conducts any business in the United States or whether their representatives participated in meetings among the defendants and others at hotel. The range was one 18 to one 20. So what I've got on one 19 is it's alleged that representatives of seven properties participated in the meetings that took place at Dorchester on hotels and facilities. And the same thing on one 20 it's further alleged that representatives of oddly participated in meetings that took place at Dorchester on hotels and facilities. So one 20, the last paragraph before Roman at two, although plaintiff does not yet have information as to what degree oddly conducts business in the United States or whether it owns property or bank accounts. In the second sentence, among other things, jurisdictional discover would reveal as to whether and to what extent representatives of oddly and its owner, but he's got information and belief. And so the extent you want more, and you asked what that information and belief was, and we didn't get an answer. What we got was speculation and conjecture. No, we didn't. We got it. He said that he's investigated, that he's heard information from people. This is how complaints are, but that's why we have jurisdictional discovery. That's why I don't understand why you're resisting. Nobody was there to be easy on jurisdictional discovery. We'll find out. Nobody was there. So I'm resisting for two principal reasons. One is what is the bar of minimally sufficient contacts to plead? And, and as I understood the argument today, it would be equivalent that the triggering activity or for a plaintiff to allege that a meeting took place in the United States. You could say Bel Air. And that the defendants participated and talked about this meeting. Or talked about the subject matter of this case. And then say, I don't know who was there and what was talked about. I need jurisdictional discovery. I don't know precisely who was there. I can't identify them, but on information and belief, it was someone at the representative level. And so he just said somebody from the hotel was there. That would not, that would be very different. I'm not sure that you're really contending with. The most difficult fact. For the Dorchester. It's not just a meeting that happens. And, you know, the. United airline lounge at some random airport. It is a meeting hosted by. At a property of the defendant. I'm just not understanding why there wouldn't be personal jurisdiction in the United States, which is. Is it fair to sue this party here for this? And if the. Hosting of meetings. Relating to the claim. You know, that's that form. One of the bases of the action. That the plaintiff is challenging. Took place at that meeting and that. Owned by. You know, an airline lounge. Owned by that defendant. Doesn't that make it more fair. To sue that defendant. In the United States, then. To sue a group of people in the United States, because they were on a stopover on their way between Frankfurt and Tokyo. And they happen to gather. Somewhere in the United States. And that's what I take your hypothetical to be. I think that's the case. And that's the. Can of worms that you'd be opening. If you held that there was. Am I wrong?  And I think the ultimate question for your inquiry, your honor, is that. What are the specific factual allegations? To support it, to connect. That there was knowledge that that was actually happening. And that boils down. To the question about, have you shown that knowledge is required for purposes of. Merits question. But it's the activity. Right. The activity is purposely providing this space for this purpose.  So, like, it's purposely being in the forum with this kind of facility. And then the question is whether the use of the facility. Which is clearly alleged. By defendants. Relates to the claim. Then I think you're at the United Airlines lounge, because United purposely put a lounge there. And somebody comes in. Obviously could be sued. It would be, you know, it has nothing to do with these events. And so. It would say, you've not alleged. Yeah, you've got your personal jurisdiction over me. You know, absolutely acknowledge. But, I mean, they would never be, they would never be seeking to dismiss. I don't know what you're talking about. If it were the United lounge in Frankfurt, I think they may if a German court exercise, or if it was the United lounge under under the 14th amendment, where they're not headquartered or. So, if the, if the allegation is we're suing you in DC, because the things that happened in Frankfurt fine, but that's not this case. I'm missing why you think that's a slippery slope here or why you think that's analogous to what's alleged. So, I think it is this case because Dorchester is neither. They are not domiciled. They're not domiciled in the United States at all.  But we're not doing general personal jurisdiction. We're doing specific and trying to different adequate context. You acknowledge they have adequate context with the United States to be sued. As you said, over somebody who thought they were, you know, they were mice in their bed at a Dorchester facility and they want to, they want to bring a claim. Acknowledged do that in the adequate context for that claim specific jurisdiction. And that's why I feel like the briefing on both sides really doesn't zero in on the related inquiry enough. And that seems to me to be the whole issue when we're talking at least about. And so the question to me, if I were in your shoes, it would be, where do I identify specific factual allegations to draw a reasonable inference? It ties some purposeful activity in the form, not just having a hotel, as we've said, but but knowingly providing these safe rooms for the purpose of this meeting. And then participating in it, that that's the activity to me that the complaint alleged. The representative of the corporate defendant, the CEO of each corporate defendant. And you have no personal. I think we would. I think there'd be a question about whether attending one meeting and an information and belief allegation of attending a meeting at an unknown time. That may have. We have dates for no one. I mean, again, I think there's a question. That is not a reasonable inference to be drawn from the allegations in the complaint. The allegation in the complaint, I have the same dates as this one. And it turns out on one of those dates in the Bel Air. No. Beverly Hills Hotel. The CEO of each of these three companies was in a meeting with the Brunei official. I think that covers the landscape of who is supposed to be this meeting. And your position is. And then the description is, as in this complaint, they describe. Business was conducted, what was discussed that meeting, and it included a session on how to destroy the credibility of Mr. That's not enough in your view. Accepting all of those, I think that would raise the question about whether the global reach of this case can can the gravitational pull of all of the argument to me. I'm asking you about personal jurisdiction. Personal jurisdiction under all of those facts, which are not alleged. And I don't think I answer my question. Yes or no. Is that sufficient for personal jurisdiction under your theory? I have to have this knowledge by the corporate defendants. I think that would be closer to the incidental contact, which yes or no. Is it personal jurisdiction on that allegation? I don't believe there'll be personal jurisdiction on that allegation simply because that would be an incidental contact right there. Conspiratorial meeting, and it's easy to allege conspiracy as well. Right. And that's one of the challenges that courts face is that it's easy to say it on information. So we have special trophy to rule for personal jurisdiction when to sort of counterbalance the difficulty of dismissing at the pleading state of conspiracy. I think it's why you require specific factual allegations, right? Saying a conspiracy is not enough. And so we look at the specific factual allegations. We require plausible factual allegations that we then assume are true. Do you have a case that says there's any kind of heightened pleading requirements for a case like this? No, we're applying the same thing here as we would for the slip and fall in the hotel. Correct? Correct. Okay. It wouldn't be a federal question, but yes, it would be the same idea of minimum contacts, which this court has equated federal contractor working at the hotel. So, we get federal jurisdiction federal claims. I don't care. I'm just asking the question. We're applying the same standard. You agree. We have cases. We have a lot of cases on how you tie in defendant like this on the merits for conspiracy, aiding and abetting personal involvement and such. What legal standard would you have us apply to tie them in, in the sense? I have the same framing instinct as Judge Pillard, which is the personal jurisdiction question is what contacts count as related to the claim. So, what legal standards would we apply for that purpose? Are they the same as the merits inquiry on aiding and abetting? Are they aiding and abetting light? I mean, my instinct is you need something, but it's a little weird if the jurisdictional inquiry just collapses into the merits inquiry. I do not think they're exactly the same, and there are open questions about conspiracy jurisdiction theory, right? So, give me the legal standard. If we're in PJ as opposed to merits, what is the legal standard for establishing the relatedness element? So, the standard for establishing relatedness, first you identify the particular conduct that was purposely directed at the United States. And then under Ford, you will need to determine whether those relate to sufficiently the activity that the claims in the complaint. And so, in Ford, they were servicing automobiles at the scale of millions across the state. And somebody was injured in an automobile manufactured by Ford and brought a defect claim in that state. So, the relationship between the substantial activities that Ford undertook in that jurisdiction related to the claim sufficiently. Now, I'm giving you an example because that's how the courts do it, right? They have not articulated exactly what relatedness is. They've just told us this is and this is. And so, in that case, you have not just that Ford... It's a little tough, right? Ford is fairly recent. Some of the justices thought related to but not arising under was a little bit of an innovation, maybe a little bit expansive, maybe going halfway back to pre-Daimler world. I'm struggling to operationalize this instinct that there has to be some screen, but... You and me both, Your Honor. And that's why I've tried a couple times, and maybe I'll take one more run at it, and I promise I won't do it again, of what would be sufficient under the plaintiff's test if you accept that this complaint, as it exists, suffices to establish personal jurisdiction. I don't read paragraph 37 any differently than an allegation in another case that may come before you that said the defendants collectively met at a place owned by one of the defendants and discussed the topic of this lawsuit. They conspired to commit the crimes in this lawsuit. And that would not only be sufficient to establish personal jurisdiction under the complaint as it exists, but it may also entitle that plaintiff to pursue invasive discovery of foreign defendants and maybe even a foreign sovereign about their activities that may or may not exist in the United States without establishing...  I mean, if you just said that's sufficient for jurisdiction, then there'd be no jurisdictional discovery, and you still have 12 v. 6 before you get to the coverage. Sorry, either or. I misspoke. They would either have it be sufficient for jurisdiction, which I think that that bar, wherever it may be, is too low. That's not minimally sufficient context. That's any context. And so I think that bar that I've just described as a hypothetical, which is a fair characterization of this case, would be far too low. So the question is, how much more? And we've talked about knowledge. And so then the next question is, is the plaintiff entitled to jurisdictional discovery to suss out more detail, to establish knowledge and participants? And then we're asking whether the district court abused the broad discretion that we give it and whether the decision was clearly unreasonable, arbitrary, or fanciful, which is the standard to reverse. We start with a legal error in not crediting the facts of the complaint. But not in relation to the jurisdictional discovery, I respectfully say, Your Honor. And so I think the door that you would be making ajar is one that does not sufficiently protect foreign defendants, like the ones I'm representing today, from being hailed into a U.S. court based on just a few words. I imagine you have the same allegations here in an indictment. And so it's that these people, and I'm going to sub in the CEO for this, were in here and they were engaged in a criminal conspiracy. And this is not this case, to be clear. To be clear, I'm not suggesting that. But everything else is the same. So we have CEO and the allegation of a criminal conspiracy. Would that not be sufficient for a criminal prosecution here? FBI can come in and arrest them, the local police, and say, You engaged in a criminal conspiracy in this hotel, which one of you owns and all you CEOs were at? Would that not be sufficient contact for due process for criminal prosecution here? I do not know if the two are parallel. And there's an open question about whether. What I was asking is engaging in criminal prosecution and conspiracy by CEOs, not the allegation of this case, by CEOs on U.S. soil in a hotel owned by one of the other conspirators. I just want to make clear, that's what you alleged here. You said that just because they got in a room and conspired to hurt someone's business, including their business with the United States, is sufficient, is insufficient. And so it would be insufficient for a criminal case, would it not? So I'll speak truth. I do not know the answer as it would apply in a criminal case. A similar. Due process in criminal cases? Lower standard for due process or contact? I don't know the answer either. I do not. A similar policy question about the equivalence between criminal and civil scope of the Fifth Amendment, I believe, was raised in Moani. And this court very judiciously said, we're not passing upon that. It could be different. There are lots of reasons. And so they rejected that the standard, that the implications it may have for criminal jurisdiction would affect whether the Fifth Amendment bar was equal to. We have to walk that path to rule for you in this case. I would encourage the court to do something very similar, which is say, we, no arguments have been made about the implications for criminal jurisdiction. We do not pass upon what limits. You want us to say there's not sufficient context for due process? For a civil lawsuit on. I'd like to know if there's no difference between civil and criminal. It doesn't do me any good to say, I don't know if criminal is the same or not, but this isn't enough for conspiracy in this civil case. And then if it turns out the next month, the same court says they're the same. We've got a problem. And I just don't want to opine on something that I haven't studied. But you need to understand the line that you're asking us to do here. And, you know, some cases you can navigate it. Some you can't. But if we don't know if there's any difference, there's a huge risk that we adopt your test. We are also cutting off the scope of criminal law enforcement authority for conspiracy. And that's, I think, precisely why the court went out of its way to say that this decision has we're not addressing it. And so there can be no forward looking impact on that. I just apologize. I'm sorry. I understand that. I'm trying to understand how in this case you said we would have to hold that engaging in a criminal conspiracy one day, one hour, on U.S. soil in a U.S. based hotel that harms someone in activities in the United States is insufficient for due process. And you want us to add in a civil case and say we're not sure here if we're blowing up criminal due process or not. That's what you want us to say. The way to do that, I think, Your Honor, is to say that it does not relate to and then talk about the civil claims themselves. Right. This is a defamation. Paragraph 37 is directed to a plot to defame plaintiffs by loss of business. He talks about the complaint talks about specific contracts that are lost, including our line. So I just recognizing that the court has come to that crossroads before and found a way out. And so I do not know the answer. And I certainly wouldn't want to lead us down a path that way. But I there are also this. We said that's not sufficient context for a criminal. I just don't know. I want to be a candidate before the court. And so here there are a plethora of standards of what constitute minimally sufficient context. We have decades of case law of what is required. And so I think that's where the analysis of the court focuses. And the question that I think really should animate this is if there is a constitutional protection. What is that bar? And how low can it go before it meaningfully protects foreign defendants from being hailed into court here or being subject to intrusive discovery and saying that district court abuse their discretion in denying a very broad request? Any other questions? My only question is I take it. You know, there's there's contact and that the claim is related to the contact and that assertion of jurisdiction would not offend traditional notions of fair play and substantial justice. And I take you are not generally disputing that there are contacts here so that some claims could be raised against Dorchester, just not these. And you haven't briefed that there's any problem in terms of fair play and substantial justice. So what we're looking at here is whether they, at least with respect to Dorchester, whether the claims against it relate to arrive at a correlate to its form. Correct. Whether there are specific factual allegations to whether there are factual allegations plausibly made from which reasonable inferences could be drawn that would support it. Correct. That's right. Any questions. Thank you very much. A little longer. I appreciate it. Thank you. Okay. We'll give you two minutes. Yes, very, very briefly. I think the case comes down a decision by the court here is really inescapable. It must be remanded based on the error by the court in its decision to find that there's no jurisdiction when the court itself and its memorandum decision. Acknowledge that the pleadings alleged that these meetings involved representatives of the corporate defendants themselves. As I'm thinking about this, I think a remand is really necessary because of the court's really failure to acknowledge the plausible pleadings and the inferences to be drawn thereof of the corporate defendants participation. Indeed, the jurisdictional discovery asked here, as I'm thinking about it, is really basically the same as merits discovery. There's a lesser standard here for jurisdiction. On the issue of merits, the district court, I believe, should be directed to let the case proceed, let the case rise or fall on its merits and discovery. There's still a 12B6 motion pending. You're not suggesting that the district court would have to ignore the 12B6 motion. No, of course not. But we think that a remand would be necessary in order for the court to permit either jurisdictional discovery or to make a decision on the 12B6 motion. We think it would fairly be denied and that merits discovery could then move forward. Thank you. Thank you very much to all counsel. The case is submitted.
judges: Millett; Pillard; Katsas